Trevor Uffelman
HALL & EVANS, LLC
Millennium Building
125 Bank Street, Ste. 403
Missoula, MT 59802
Telephone: (406) 532-2635
Facsimile: (406) 519-2035
uffelmant@hallevans.com

*Attorneys for Plaintiff American Trucking and Transportation Insurance Company, a Risk Retention Group*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, a Montana corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACEWAY LOGISTICS, INC., a Delaware corporation, ANDY KHERA, an individual, ARK INSURANCE (US), INC., a Delaware corporation, BAJA FREIGHT, LTD., a Delaware corporation, BLUEWAY SERVICES, LLC, a Delaware limited liability company, BNK TRANSPORT, INC., a Delaware corporation, CA DEDICATED, LTD., a Delaware Corporation, CHARGER LOGISTICS USA, INC., a Delaware | Cause No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

corporation, RAV LOGISTICS GROUP, LTD., a Delaware corporation, and ZIP EXPRESS US, LTD., a Delaware Corporation,

                Defendants.

PLAINTIFF, American Trucking and Transportation Insurance Company, a Risk Retention Group, for its complaint against the defendants, alleges:

## Parties

1.    Plaintiff American Trucking and Transportation Insurance Company, a Risk Retention Group ("ATTIC" or "ATTIC, RRG") is an insurance company organized under the laws of the State of Montana having its principal place of business in Missoula, Montana. ATTIC, RRG is an authorized captive insurance company, domiciled in Montana, and organized pursuant to the Liability Risk Retention Act of 1986, 15 U.S.C. § 3901 *et seq*.

2.    Defendant Aceway Logistics, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Indiana.

3.    Defendant ARK Insurance (US), Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Delaware.

4. Defendant Andy Khera is an individual who, upon information and belief, is a citizen or subject of a foreign country residing in Ontario, Canada. Upon information and belief Defendant Khera holds a sole, majority or controlling interest in each of the Operating Defendants either through direct ownership or through the ownership of other entities.

5. Defendant Baja Freight, Ltd. is a corporation organized under the laws of the State of Texas having its principal place of business in the State of Indiana.

6. Defendant Blueway Services, LLC is a limited liability company organized under the laws of the State of Delaware having its principal place of business in the State of Indiana.

7. Defendant BNK Transport, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Illinois.

8. Defendant CA Dedicated, Ltd. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Arizona.

9. Defendant Charger Logistics USA, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Indiana.

10. Defendant RAV Logistics Group, Ltd. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Indiana.

11. Defendant Zip Express, Ltd. is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of Indiana.

## Jurisdiction and Venue

12. This court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. Montana's long arm statute, Mont. R. Civ. P. 4(b)(1), confers personal jurisdiction over the Defendants as they have conducted extensive business in the State of Montana, to-wit: (1) they have procured liability insurance in Montana without which they would be unable lawfully operate as a motor carrier in interstate commerce or broker freight in interstate commerce; (2) they have entered into a shareholders agreement and subscribed to and purchased shares of ATTIC, RRG, a Montana domiciled captive insurance company; (3) they have consented to the application of Montana law for the resolution of disputes arising under the ATTIC, RRG shareholders agreement and under the ATTIC, RRG bylaws; (4) officers and directors of the Defendants have held a seat on the board of directors of ATTIC, RRG; (5) officers and directors of the Defendants have traveled to Montana to attend

ATTIC, RRG's annual meeting and board of directors meetings in Missoula, Montana; (6) officers and directors of Defendants have virtually attended annual meetings and board of directors meetings of ATTIC, RRG being held in Montana; (7) Defendants have sent employees to Montana to attend safety and panel counsel meetings hosted by ATTIC, RRG; (8) the Defendants have negotiated three years' worth of insurance contracts with ATTIC, RRG; (9) the Defendants' claims arising under the insurance policies issued by ATTIC, RRG were adjusted and paid in Montana; (10) defendant Khera is an officer or director of each of the other Defendants and personally, or through an employee or agent, directed and caused each of the forgoing activities to be performed in the State of Montana.

14. Pursuant to D. Mont. L.R. 3.2(b)(1)(B), venue is appropriate in the United States District Court for the District of Montana, Missoula Division because the plaintiff, ATTIC, RRG, maintains its headquarters and principal place of business in Missoula, Montana.

15. A real case or controversy exists between the parties as to whether the defendants have breached their contracts with ATTIC, RRG. This Court has authority to issue the declaratory judgment requested herein pursuant to 28 U.S.C. § 2201(a) and Montana Code Annotated §§ 27-8-101 – 27-8-313.

## Facts Common to All Counts

**A.   The Shareholder's Agreement**

16.   Defendants Aceway Logistics, Inc., Baja Freight, Ltd., Blueway Services, LLC, BNK Transport, Inc., CA Dedicated, Ltd., Charger Logistics USA, Inc., RAV Logistics Group, Inc., Zip Express US, Ltd. (collectively the "Operating Defendants") are entities each of which hold either for-hire motor carrier operating authority or broker operating authority from the Federal Motor Carrier Safety Administration.  Each of the forgoing defendants was a named insured under certain policies of liability insurance issued by ATTIC, RRG.

17.   In order to purchase insurance through the risk retention group, insureds must subscribe to and purchase stock in ATTIC, RRG.  Upon information and belief, defendant ARK Insurance (US), Inc. is an entity formed by the Operating Defendants to subscribe to, purchase, and hold shares of ATTIC, RRG.

18.   On March 22, 2021 ARK Insurance (US), Inc., with the intent that each Operating Defendant would become insured by ATTIC, RRG, entered into the first amended Agreement Among American Trucking and Transportation Insurance Company, a Risk Retention Group and its Class A Shareholders (the "Shareholders Agreement").

19. Among other things, Article IV of the Shareholders Agreement obligates ARK Insurance (US), Inc. to:

- Offer to maintain insurance coverage with the Company at the level set forth in Article IX hereof, and pay to the Company in the requested manner any premium that the Company deems necessary and appropriate.

- Comply with the requirements contained within Article VII – Capital Contributions, Surplus Adequacy and Deductible Security of the Company's Bylaws as Amended on December 13, 2016.

- Comply with the terms of this Agreement, the Company's Articles of Incorporation and Bylaws, the Subscription Agreement, the provisions of any contract of insurance between the Shareholder and the Company, applicable underwriting standards and any applicable risk management or loss prevention programs.

20. ARK Insurance (US), Inc. is currently in breach of the Shareholders agreement by failing to pay premiums owing, failing to maintain proper security as required by the Shareholders Agreement and ATTIC, RRG's bylaws, and by failing to reimburse loss payments subject to the deductible.

**B.     The Insurance Policies**

21.     The Operating Defendants are insured by ATTIC, RRG under policy numbers ATTCLI121, ATTCLI122, and ATTCLI123.

22.     Depending on the coverage, the above policies provided per occurrence policy limits between $250,000 and $10,000,000 subject to per occurrence deductibles between $25,000 and $500,000.

23.     Initial premiums are based on estimated mileage (for auto liability coverage) and estimated brokerage revenue (for brokerage and contingent liability coverage). The mileage and brokerage revenue estimates are provided by the Operating Defendants to ATTIC, RRG.

24.     In the case of policy ATTCLI123, it was estimated that the Operating Defendants would run 56,600,000 miles at a premium rate of $63.810 per 1,000 miles. It was further estimated that the Operating Defendants would generate $9,000,000 in brokerage revenue at a premium rate of $0.22 per $100 in revenue.

25.     Premiums are audited at the end of the policy period. If the Operating Defendants operated for fewer miles than estimated, they are entitled to a premium refund. If the Operating Defendants run more miles than estimated, they must pay

additional premium. The same applies to brokerage revenue. The total estimated premium for policy number ATTCLI123 was $3,755,446.00 for all coverages.

26. The actual, post-audit premium based on actual miles insured and actual brokerage revenue was $5,213,746.57, meaning the Defendant ARK Insurance (US), Inc. and the Operating Defendants owe ATTIC, RRG $1,458,300.57 in additional premium.

27. The Liability Policy Declaration for all applicable insurance policies provides: "**Premium Audit**: This policy will be audited within 30 days after the close of the calendar quarter in which the policy terminates. Refunds or additional payment will follow within 30 days." The policy's Shared Policy Conditions form requires:

> **Premium and Deductible Payments**
>
> The Named Insured(s) must pay any premium payment when due and in accordance with any Premium Installment Schedule granted by ATTIC, RRG. The Named Insured(s) must remit payment within thirty (30) days for all amounts invoiced by ATTIC, RRG for losses paid by ATTIC, RRG within the Deductible for such loss. The Named Insured(s) will also receive any premium audit invoice or any premium audit refund.
> …
> **Premium Audits**
>
> The policy issued by ATTIC, RRG may be based on the Named Insured(s) estimated exposure units such as miles, revenue or Covered Trucking Units throughout the policy period. In that case, ATTIC, RRG may audit the total premium due under the policy based on the actual

exposure units at the close of the policy period. If a premium audit exists on the policy the audit date and conditions of the audit will be set forth in the Liability Policy Declaration provided with this Policy. Should a premium audit determine that additional premium is due the Named Insured(s) will be billed for such amount with payment due within thirty (30) days of such billing. Should a premium audit determine that premium was overpaid ATTIC, RRG will reimburse the Named Insured(s) within thirty (30) days of the completion of the audit.

28. Mileage run by each Operating Defendant was filed with the Indiana Department of Revenue under the International Fuel Tax Agreement (IFTA), a motor carrier requirement for the apportionment of state fuel tax. These filings account for the mileage run by the Operating Defendants and were provided to ATTIC, RRG by the Operating Defendants as proof of the final mileage for each Insurance Policy.

29. All applicable insurance policies include an endorsement dealing with payment of losses within an insured's deductible and the insured's security and reimbursement obligations:

SECTION II: DEDUCTIBLE TERMS AND

CONDITIONS

**Payment of Losses within Deductible; No Increase in Limits of Policy**
ATTIC, RRG will make payment of all losses within the limits of the applicable policy including losses within the Named Insured's deductible. The limits of any policy issued by Insured's Deductible ATTIC, RRG are not

increased by the amount of any applicable deductible paid by the Named Insured.

**Reimbursement**
ATTIC, RRG will send Named Insured a deductible payment invoice on a monthly basis detailing the claims in which a payment has been made within the Named Insured's deductible. The Named Insured shall pay such invoice within thirty (30) days of receipt of the invoice.

**Collateral Security**
Named Insured acknowledges that it must meet the Member Collateral Requirements as adopted by the Board of Directors of ATTIC, RRG. In addition, Named Insured grants ATTIC, RRG a security interest in its capital account to further secure its obligation to reimburse ATTIC, RRG for losses paid within the Schedule of Deductibles.

C.   **The Bylaws**

30.   Article VII of the Bylaws of ATTIC, RRG, as amended, relating to capital contributions, surplus adequacy, and deductible security, provide:

> At least every six months, the CEO shall report to the Board of Directors each shareholder's capital account (which may include a share of the Company's bulk reserves as determined by the Board) against its reported claim reserves, any Self-Managed Claims, and any exposure to further premiums under any applicable reinsurance contract to determine whether appropriate security exists to assure deductible reimbursement or further premium payments will be made by each shareholder and any Self-Managed Claims are being handled and paid by each shareholder. The Board of Directors has adopted governance rules entitled, Member Collateral Requirements, Member Financial Condition Review and Claims Handling Protocol, which are to be

11

utilized by management of the Company to determine whether an appropriate security level exists for each shareholder. If any report Member Collateral Requirement report shows that the total capital account is not sufficient to provide adequate security for any shareholder's claim reserves or further premium requirements under any applicable reinsurance contract, the Board of Directors may require that member to either increase its capital contribution, or provide any other security the Board deems proper, in an amount sufficient to secure that shareholders payment of its chosen deductible or further premium obligation.

31. ATTIC, RRG's board of directors established Collateral Requirements, Financial Condition Review and Claims Handing Protocol (the "Collateral requirements") pursuant to the forgoing provisions of the company's bylaws.

32. The Collateral Requirements require each member of the risk retention group to maintain "a Member Equity-to-Reserve Ratio which is at least 125% of the total of its open bodily injury loss reserves within its policy deductibles and any reinstatement funding required by reinsurance agreements applicable to its policies. If a Member falls below the Member Equity-to-Reserve Ratio the Member is required to provide the Company Additional Collateral…"

33. Additional collateral may include (1) pre-funding for expected bodily injury loss settlements or applicable reinstatement premium funding, (2) provide an approved letter of credit securing an agreed upon level of financial obligation, (3) invest additional capital in the Company, or (4) provide ATTIC, RRG with loss

payee status under an approved deductible funding single parent captive insurance organization.

34. ARK Insurance (US), Inc. has failed to pay audited premiums in the amount of $1,458,300.57 for policy ATTCLI123 pursuant to its obligations under the Shareholder's Agreement.

35. The Operating Defendants have failed to pay audited premiums in the amount of $1,458,300.57 as required by the terms of policy ATTCLI123.

36. Through the date of this complaint, both ARK Insurance (US), Inc. and the Operating Defendants have failed to reimburse losses paid within the deductible as required by the Shareholder's Agreement and the applicable insurance policies in an amount of $749,594.67 which amount may change over time as additional loss payments are made.

37. Both ARK Insurance (US), Inc. and the Operating Defendants have failed to maintain adequate deductible security as required by the Shareholders Agreement, the insurance policies, and the Plaintiff's by-laws in the amount of $3,323,856.00 which amount may change over time as additional loss payments are made and loss reserves posted.

## Count 1: Breach of Contract

### ARK Insurance (US), Inc.

38. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

39. The Shareholders Agreement between ARK Insurance (US), Inc. and ATTIC, RRG is a valid and enforceable contract.

40. ARK Insurance (US), Inc.'s failure to pay premium, maintain adequate deductible security, and reimburse loss payments within their deductible is a breach of the Shareholders Agreement and the implied covenant of good faith and fair dealing.

41. ATTIC, RRG has been damaged by ARK Insurance (US), Inc.'s breach of its obligations under the Shareholders Agreement in a way and in an amount to be proven at trial.

## Count 2: Breach of Contract

### Operating Defendants

42. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

43. The insurance policies insuring the Operating Defendants and issued by ATTIC, RRG are valid and enforceable contracts.

44. The Operating Defendants failure to pay premium, maintain adequate deductive security, and reimburse loss payments within their deductibles is a breach

of their contractual obligations under the terms of the applicable insurance policies and the implied covenant of good faith and fair dealing.

45. ATTIC, RRG has been damaged by the Operating Defendants' breach of their obligations under the applicable insurance policies in a way and in an amount to be proven at trial.

46. ATTIC, RRG is entitled to actual damages resulting from the Operating Defendants breach of the insurance contract.

47. Alternatively, ATTIC, RRG is entitled to rescind the insurance contracts and discharge any obligations it has under those polices to defend and indemnify the Operating Defendants.

## Count 3: Unjust Enrichment

### All Defendants

48. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

49. Defendant received a benefit from ATTIC, RRG in the form of liability insurance which protected the Defendants from liability for losses incurred during their operations and allowed the Defendants to operate their motor carrier and brokerage operations in compliance with Federal Motor Carrier Safety Administration regulations.

50. The Defendants knew about and appreciate the benefits described in the forgoing paragraph.

51. The Defendants have accepted and retained, and continue to accept and retain, the benefits of their insurance policies while refusing to comply with the Defendants' obligations under the Shareholders Agreement, the insurance policies, and the Plaintiff's bylaws.

52. Plaintiff ATTIC, RRG is entitled to equitable relief in the form of restitution for the benefits received by the Defendants as alleged above.

## Count 4:   Piercing the Corporate Veil

## ARK Insurance (US), Inc.

53. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

54. As alleged above, defendant ARK Insurance (US), Inc. is an entity formed by Defendant Andy Khera and the Operating Defendants to subscribe to, purchase, and hold shares of ATTIC, RRG.

55. Defendant ARK Insurance (US), Inc. is an alter ego, instrumentality, and agent of Defendant Andy Khera and the Operating Defendants, who are the true parties.

56. Defendant ARK Insurance (US), Inc. is an entity being used as a subterfuge to defeat public convenience, justify wrongs, or perpetuate fraud.

57. Because of the forgoing, ARK Insurance (US), Inc.'s corporate form should be disregarded, and its individual shareholders should be liable for any damages proven herein.

## Count 5: Piercing the Corporate Veil

## Operating Defendants and Defendant Andy Khera

58. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

59. The Operating Defendants are an alter ego, instrumentality or agent of Defendant Andy Khera.

60. The Operating Defendants are being sued as a subterfuge to defeat public convenience, justify wrongs, or perpetuate fraud.

61. Defendant Andy Khera, on information and belief, owns all or most of the stock and interest in each of the Operating Defendants either directly or through control and ownership of other, yet unknown, corporate entities.

62. Because of the forgoing, the Operating Defendants' corporate forms should be disregarded, and its individual shareholders should be liable for any damages proven herein.

## Count 6:    Tortuous Interference with Contract

## Defendant Andy Khera

63. ATTIC, RRG re-alleges all forgoing paragraphs as if set forth fully herein.

64. Defendant Andy Khera intentionally, willfully, and deliberately interfered with the contractual obligations of Defendant ARK Insurance (US), Inc. and the contractual obligations of the Operating Defendants to ATTIC, RRG.

65. Such acts were calculated to cause damage to ATTIC, RRG in its business.

66. Such acts were done with the unlawful purpose of causing damage or loss to ATTIC, RRG without right or justifiable cause.

67. Because of Defendant Khera's deliberate and unlawful interference with the contractual obligations of ARK Insurance (US), Inc. and the Operating Defendants, ATTIC, RRG is entitle to damages from Defendant Khera in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. Declaring that Defendant ARK Insurance (US), Inc. is in breach of the Shareholders Agreement with Plaintiff ATTIC, RRG;

2. Declaring that the Operating Defendants are in breach of the applicable insurance policies between them and Plaintiff ATTIC, RRG;

3. That judgment be taken against the Defendants for damages in an amount to be proven at trial;

4. That the Defendants be ordered to pay equitable restitution to Plaintiff;

5. For such fees and costs as may be allowable by law;

6. That the corporate veils of ARK Insurance (US), Inc. and the Operating defendants be pierced, and that Defendant Andy Khera be personally liable for any damages proven herein;

7. For pre- and post-judgment interest;

8. For such other relief as the Court may deem just and proper.

## Jury Demand

1. The Plaintiff demands a trial by jury on all issues so triable.

DATED this 23rd day of August, 2024.

HALL & EVANS, LLC

/s/ Trevor Uffelman

*Attorneys for Plaintiff American Trucking and Transportation Insurance Company, a Risk Retention Group*